JEFFREY H. WOOD, Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
MELE COLEMAN, Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0229 (phone)
Mele.Coleman@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| FRIENDS OF ANIMALS, | CASE NO. 1:18-cv-00064-SPW-TJC |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| RYAN ZINKE, in his official capacity as Secretary of the United States Department of Interior; *et al.*, | |
| Defendants. | |

## ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Ryan Zinke, in

his official capacity as Secretary of the U.S. Department of the Interior; Greg

Sheehan, in his official capacity as Principal Deputy Director of the U.S. Fish and

Wildlife Service ("FWS"); and FWS (collectively, "Defendants"), respectfully answer the Complaint for Declaratory Judgment and Injunctive Relief ("Complaint"), filed on April 3, 2018 (ECF No. 1) by Friends of Animals ("Plaintiff"), as follows:[1]

## INTRODUCTION

1. The allegations in Paragraph 1 are characterizations of Plaintiff's case, to which no response is required.

2. The term "maintain" in the allegations in the first sentence of Paragraph 2 is vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the second sentence of Paragraph 2 because Plaintiff did not submit a valid "petition." Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of Paragraph 2, and deny them on that basis.

3. With respect to the allegations in the first sentence of Paragraph 3, Defendants admit that on September 27, 2016, the *Federal Register*

---

[1] This Answer is organized by numbered paragraphs and headings that correspond to the numbered paragraphs and headings of the Complaint. In doing so, Defendants do not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

2

published FWS's and the National Marine Fisheries Service's final rule revising their regulations concerning petitions under the Endangered Species Act ("ESA"). 81 Fed. Reg. 66462-01 (Sept. 27, 2016) (codified as 50 C.F.R. § 424.14). Defendants admit that the rule became effective on October 27, 2016. The allegations in the second sentence of Paragraph 3 and footnote 1 purport to characterize 50 C.F.R. 424.14(b), a provision of the petition regulations that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the provision.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are characterizations of Plaintiff's case, to which no response is required.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 are conclusions of law, to which no response is required.

8. The allegations in Paragraph 8 are conclusions of law, to which no response is required.

3

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

9.  Defendants admit that Plaintiff sent a letter dated December 14, 2017, purporting to provide notice of Plaintiff's intent to sue. The remaining allegations in Paragraph 9 purport to characterize the ESA, a statute that speaks for itself and provides the best evidence of its content. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

10. Defendants admit that on December 21, 2017, FWS received the December 14, 2017 letter from Plaintiff noted in Paragraph 9.

11. Defendants admit that more than sixty days have passed since FWS received Plaintiff's December 14, 2017 letter purporting to provide notice of Plaintiff's intent to sue.

12. Defendants admit that FWS responded to Plaintiff's December 14, 2017 letter in a letter dated February 1, 2018.

13. The allegations in Paragraph 13 are conclusions of law, to which no response is required.

14. The allegations in Paragraph 14 are conclusions of law, to which no response is required.

## PARTIES

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

4

15. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first through sixth sentences of Paragraph 15, and deny them on that basis. Defendants deny the allegations in the seventh sentence of Paragraph 15.

16. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and deny them on that basis.

17. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 17, and deny them on that basis. With respect to the allegations in the third and fourth sentences of Paragraph 17, Defendants deny that they refused to issue a 90-day finding on a valid petition and deny that they violated the ESA. Defendants deny the remaining allegations in the third and fourth sentences of Paragraph 17 because Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations.

18. With respect to the allegations in the first sentence of Paragraph 18, Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the interests of Plaintiff and

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

5

its members. Defendants deny the remaining allegations in the first sentence of Paragraph 18. Defendants deny the allegations in the second sentence of Paragraph 18. The allegations in the third and fourth sentences of Paragraph 18 characterize Plaintiff's case, to which no response is required.

19. With respect to the allegations in the first two sentences of Paragraph 19, Defendants admit that Ryan Zinke is the Secretary of the Interior, the Secretary of the Interior is charged with implementing the ESA in regards to certain terrestrial species, and the Secretary's ESA responsibilities are delegated to FWS. Defendants deny the remaining allegations in the first and second sentences of Paragraph 19. The allegations in the third sentence of Paragraph 19 are characterizations of Plaintiff's case, to which no response is required.

20. With respect to the allegations in the first sentence of Paragraph 20, Defendants deny that Defendant Greg Sheehan is the Deputy Director of FWS, and aver that he is the Principal Deputy Director of FWS, an agency within the U.S. Department of the Interior. The remaining allegations in the first sentence of Paragraph 20 are legal conclusions to which no response is required. The allegations in the second sentence of Paragraph 20 are characterizations of Plaintiff's case, to which no response is required.

6

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

21. Defendants admit the allegations in the first sentence of Paragraph 21. The allegations in the second sentence of Paragraph 21 are legal conclusions to which no response is required.

## STATUTORY AND REGULATORY FRAMEWORK
## OF THE ENDANGERED SPECIES ACT

22. The allegations in Paragraph 22 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

23. The allegations in Paragraph 23 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

24. The allegations in Paragraph 24 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

25. The allegations in Paragraph 25 purport to characterize certain provisions of the ESA and the statute's implementing regulations, both of which speak for

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA or its implementing regulations.

26. The allegations in Paragraph 26 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

27. The allegations in the first sentence of Paragraph 27 purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA. The allegations in the second sentence of Paragraph 27 purport to characterize the "Interagency Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the ESA ('DPS Policy')," a policy that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the DPS Policy.

28. Defendants admit the allegations in Paragraph 28.

29. The allegations in Paragraph 29 purport to characterize the DPS Policy, a policy that speaks for itself and is the best evidence of its contents.

8

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the DPS Policy.

30. The allegations in Paragraph 30 purport to characterize the DPS Policy, a policy that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the DPS Policy.

31. The allegations in Paragraph 31 purport to characterize the DPS Policy, a policy that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the DPS Policy.

32. The allegations in Paragraph 32 purport to characterize the DPS Policy, a policy that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the DPS Policy.

33. The allegations in the first and second sentences of Paragraph 33 purport to characterize certain provisions of the ESA and the statute's implementing regulations, both of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA or its implementing

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

regulations. Defendants admit the allegations in the third sentence of Paragraph 33.

34. The allegations in the first sentence of Paragraph 34 purport to characterize 50 C.F.R. 424.14(b)(1), a provision of the petition regulations that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the provision. The remaining allegations in Paragraph 34 purport to characterize *Federal Register* notices, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the notices.

35. The allegations in Paragraph 35 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

36. The allegations in Paragraph 36 purport to characterize certain provisions of the ESA and the statute's implementing regulations, both of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA or its implementing regulations.

10

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

37. The allegations in Paragraph 37 purport to characterize the "Interagency Cooperative Policy for Peer Review in ESA Activities," a policy that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the policy.

38. The allegations in Paragraph 38 purport to characterize a provision of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

39. The allegations in Paragraph 39 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

40. The allegations in Paragraph 40 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

### A. The Pryor Mountain Wild Horse Population

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

41. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, and deny them on that basis.

42. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and deny them on that basis.

43. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and deny them on that basis.

44. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and deny them on that basis.

45. With respect to the allegations in Paragraph 45, Defendants deny that Plaintiff filed a valid petition. The remaining allegations in Paragraph 45 purport to characterize a June 12, 2017 document submitted by Plaintiff to FWS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the June 12, 2017 document.

**B. Petition to List the Pryor Mountain Wild Horse Population**

12

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

46. With respect to the allegations in Paragraph 46, Defendants deny that Plaintiff filed a valid petition. Defendants admit that FWS received a document from Plaintiff dated June 12, 2017, purporting to be a petition. The remaining allegations in Paragraph 46 purport to characterize the June 12, 2017 document, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the document.

47.  Defendants admit the allegations in Paragraph 47.

48. To the extent the allegations in Paragraph 48 purport to characterize FWS' July 20, 2017 letter to Plaintiff, the letter speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the letter. The remaining allegations in Paragraph 48 purport to characterize 50 C.F.R. 424.14(b), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the regulation.

## C. The Challenged 30-Day Minimum State Notification Addition

49. Defendants admit that on September 27, 2016, the *Federal Register* published a final rule revising the regulations by which the Service evaluates

13

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

petitions under 4(b)(3) of the ESA (Petition Regulations Final Rule).

Defendants deny the allegations in the second sentence of Paragraph 49.

50. The allegations in Paragraph 50 purport to characterize the Service's

Petition Regulations Final Rule, a *Federal Register* notice that speaks for

itself and is the best evidence of its contents. Defendants deny any

allegations that are inconsistent with the plain language, meaning, or context

of the notice.

51. The allegations in Paragraph 51 purport to characterize the Service's

Petition Regulations Final Rule, a *Federal Register* notice that speaks for

itself and is the best evidence of its contents. Defendants deny any

allegations that are inconsistent with the plain language, meaning, or context

of the notice.

52. The allegations in Paragraph 52 purport to characterize the Service's

Petition Regulations Final Rule, a *Federal Register* notice that speaks for

itself and is the best evidence of its contents. Defendants deny any

allegations that are inconsistent with the plain language, meaning, or context

of the notice.

53. The allegations in the first sentence of Paragraph 53 are legal conclusions to

which no response is required.   The allegations in the second sentence

purport to characterize the ESA, a statute that speaks for itself and is the best

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

54. The allegations in Paragraph 54 are legal conclusions to which no response is required.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants admit that Plaintiff sent a letter dated December 14, 2017, purporting to provide notice of Plaintiff's intent to sue. The remaining allegations in Paragraph 57 purport to characterize the ESA, a statute that speaks for itself and provides the best evidence of its content. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

58. Defendants admit that on December 21, 2017, FWS received the December 14, 2017 letter from Plaintiff.

59. Defendants admit that FWS responded to Plaintiff's December 14, 2017 letter in a letter dated February 1, 2018. The remaining allegations in Paragraph 59 purport to characterize the February 1, 2018 letter, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the letter.

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

15

## CLAIM FOR RELIEF

## (Defendants' Refusal to Issue a 90-Day Pryor Mountain Wild Horses Finding Violates the Endangered Species Act and is Otherwise Arbitrary and Capricious)

60. The responses to paragraphs 1 through 59 are incorporated here by reference.

61. Defendants deny the allegations in Paragraph 61.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction over some or all of Plaintiff's claims.

2. Plaintiff fails to state a claim for which relief may be granted.

3. Defendants reserve the right to assert additional affirmative defenses during the course of litigation.

16

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever, and thus request that this action be dismissed with prejudice, that judgment be entered in favor of Defendants, and that Defendants be allowed their costs and such other and further relief as the Court may allow.

DATED: June 12, 2018.

> Respectfully submitted,
>
> JEFFREY H. WOOD
> Acting Assistant Attorney General
> United States Department of Justice
> Environment & Natural Resources Division
> SETH M. BARSKY, Section Chief
> MEREDITH L. FLAX, Assistant Section
> Chief, Wildlife & Marine Resources Section
>
> _____*/s/ Mele Coleman*_____
> MELE COLEMAN, Trial Attorney
> Hawai'i Bar No. 10103
> Wildlife & Marine Resources Section
> P.O. Box 7611, Ben Franklin Station
> Washington, DC 20044-7611
> (202) 305-0229 (phone)
> (202) 305-0275 (fax)
> Mele.Coleman@usdoj.gov
>
> *Attorneys for Defendants*

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 12, 2018, the foregoing will be electronically filed with

the Court's electronic filing ("ECF") system, which will generate automatic service

upon on all counsel of record enrolled to receive such notice.

_/s/ Mele Coleman_____

MELE COLEMAN, Trial Attorney

Hawaiʻi Bar No. 10103

Wildlife & Marine Resources Section

P.O. Box 7611, Ben Franklin Station

Washington, DC 20044-7611

(202) 305-0229 (phone)

Mele.Coleman@usdoj.gov

_Trial Attorney for Defendants_

18

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT