IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
MAR 2 6 2020
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| FRIENDS OF ANIMALS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BERNHARDT, in his official capacity as Acting Secretary of the United States Department of Interior; *et al.*,<br><br>Defendants. | CV-18-064-BLG-SPW-TJC<br><br>ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed January 21, 2020. (Doc. 40). Judge Cavan recommends the Court grant the Plaintiff's motion for summary judgment and deny the Defendants' cross-motion for summary judgment.

I. **Background**

On June 12, 2017, the Plaintiffs submitted a petition to the Defendants to list the Pryor Mountain wild horse population as a threatened or endangered distinct population segment under the Endangered Species Act (ESA). On July 20, 2017, the Defendants rejected the petition for failing to provide documentation showing they had notified the appropriate state agency prior to filing the petition as required

1

by 50 C.F.R. § 424.14(b). The Plaintiffs were instructed to resubmit the petition with the required documentation. Instead of doing as requested, the Plaintiffs filed this suit, challenging the notice requirement as arbitrary, capricious, and contrary to the ESA. The parties filed cross motions for summary judgment on the issue.

Judge Cavan recommended the Court grant the Plaintiff's motion and deny the Defendants' motion. Judge Cavan concluded the notice requirement was contrary to the ESA because the notice requirement involved state agencies earlier in the petition process than provided for by the ESA.

## II. Standard of review

Defendants filed timely objections to the findings and recommendation. (Doc. 43). Defendants are entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. Defendants' objections

Defendants object to Judge Cavan's conclusion. Defendants argue the notice requirement is consistent with the ESA's direction to develop rules to make the petition process more efficient and effective and does not conflict with the ESA's contemplation of the state agency's involvement because the notice provision does not require or provide for any action by the state agency, it is only a

notice. The Plaintiff did not file a response.

**IV. Discussion**

Judicial review of administrative decisions involving the ESA is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. 5 U.S.C. § 706(2)(A); *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990). In reviewing an agency action under the APA, the Court must determine whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 43 (1983). "An agency acts contrary to the law when it fails to abide by and implement the direction and intent of Congress or when it acts contrary to its own rules and requirements." *Upper Missouri Waterkeeper v. United States Envtl. Prot. Agency*, 377 F. Supp. 3d 1156, 1162 (D. Mont. 2019). Review under this standard is narrow, and the reviewing court may not substitute

its judgment for that of the agency. *Kern Cty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006).

When the action under review involves the agency's interpretation of a statute, reviewing courts follow the framework set forth in *Chevron v. Natural Res. Defense Council*, 467 U.S. 837 (1984). "*Chevron* deference is appropriate where the agency can demonstrate that it has the general power to make rules carrying the force of law and that the challenged action was taken in exercise of that authority." *Alaska Wilderness League v. U.S. E.P.A.*, 727 F.3d 934, 937 (9th Cir. 2013) (citing *Sierra Club v. EPA*, 671 F.3d 955, 962 (9th Cir. 2012)). As Judge Cavan found here, Congress explicitly granted the Service authority to promulgate agency guidelines for the submission of petitions under the ESA. 16 U.S.C. § 1533(h). *Chevron* deference analysis therefore applies.

Under *Chevron*'s two-step framework, the reviewing court first determines "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. If, however, "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron* at 843.

4

Where Congress "has explicitly left a gap for the agency to fill," the agency's interpretation of the statute is "given controlling weight" unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron* at 843; *see also Arizona Health Care Cost Containment Sys. v. McClellan*, 508 F.3d 1243, 1253 (9th Cir. 2007).

> The notice provision provides:
>
> Notification of intent to file petition. For a petition to list, delist, or reclassify a species, or for petitions to revise critical habitat, petitioners must provide notice to the State agency responsible for the management and conservation of fish, plant, or wildlife resources in each State where the species that is the subject of the petition occurs. This notification must be made at least 30 days prior to submission of the petition. This notification requirement shall not apply to any petition submitted pertaining to a species that does not occur within the United States.

50 C.F.R. § 424.14(b). The rule further provides that a petition must contain:

> [C]opies of the notification letters or electronic communication which petitioners provided to the State agency or agencies responsible for the management and conservation of fish, plant, or wildlife resources in each State where the species that is the subject of the petition currently occurs.

50 C.F.R. § 424.14(c)(9). Judge Cavan found under *Chevron*'s first step that the ESA did not directly speak on the notice rule. The Court agrees and neither party challenges that conclusion.

Turning to *Chevron*'s second step, Judge Cavan concluded the notice rule

5

was manifestly contrary to the ESA because the ESA contemplates the State's participation would occur later in the process.

The ESA's process is generally as follows. Within 90 days of receiving a petition, the U.S. Fish and Wildlife Service (the Service) makes a preliminary finding as to whether the petition presents substantial information indicating the action may be warranted. 16 U.S.C. § 1553(b)(3)(A). If the preliminary finding indicates the petition may have merit, the Service proceeds to conduct a full review of the petition over the next 12 months. 16 U.S.C. § 1553(b)(3)(B).

There is no dispute the State is supposed to be involved in the petition process. The ESA specifically directs the Service to "cooperate to the maximum extent practicable with the States." 16 U.S.C. § 1535. The question is whether giving the State notice before filing a petition is arbitrary or manifestly contrary to the ESA.

As noted by Judge Cavan, several provisions in the ESA do not involve the State until after the initial 90-day review period. Doc. 40 at 11-12. Judge Cavan also cited several cases which, based on those same provisions, held the Service may not solicit information from the State during the initial 90-day review period. Doc. 40 at 12-17. Based on those provisions and cases, Judge Cavan concluded providing notice to the State was arbitrary or manifestly contrary to the ESA

because it involved the State in the petition process earlier than provided for in the ESA.

The Court respectfully disagrees with Judge Cavan's conclusion because providing the State notice of the petition is a permissible construction of the ESA, which requires the Court to defer to the Service. There is nothing particularly arbitrary about providing notice of a legal process to an entity that may be substantially involved in that process. At a minimum, it's a common courtesy. It also may, as argued by the Service, improve the efficiency and effectiveness of the process by giving the State time to compile reports or data before it becomes formally involved in the process, which is consistent with the ESA's directive to the Service to create rules to promote the efficiency and effectiveness of the petition process. 16 U.S.C. § 1533(h).

The notice rule is also not contrary to the ESA's provisions regarding the timing of the State's involvement in the petition process because the notice rule does not require any action by the State or give the State any control over the petition. It provides only that someone must notify the State before filing a petition and provide the Service documentation showing the notification. There is no requirement the petitioner must submit any comments or data received by the State in response to the notice, or that the State must submit comments or data to

7

the Service after receiving notice. As Judge Cavan discussed, when the rule was being made, there was discussion by the Service about including a provision which required petitioners to include any comments or data submitted by the State after notice. (Doc. 40 at 2 n.1). Had the proposal become part of the rule, the cases cited by Judge Cavan indicate perhaps that would be contrary to the ESA because it would formally include the State in the petition process before contemplated. But the proposal was ultimately scrapped in favor of the simple notice rule at issue here, which requires no action or input by the State. The cases cited by Judge Cavan, which involved situations where the Service had solicited or required input by the State before the petition was filed and/or during the initial 90-day review, are therefore inapplicable to a rule which requires only that a petitioner provide the State notice and no more.

The Court holds the notice rule is a permissible construction of the ESA and therefore must defer to the Service. The Court's holding should not be construed to mean the Service may use information voluntarily provided to it by the State in response to the notice, should that occur. That is a separate question. The Court's holding applies only to the narrow question of whether the notice rule is manifestly contrary to the ESA.

The Court additionally holds the Plaintiff's other arguments for summary

judgment, which Judge Cavan did not reach but stated were unpersuasive, are denied for the reasons stated by Judge Cavan (Doc. 40 at 18 n.3), to which the Plaintiffs did not object.

V. **Conclusion and order**

The Court hereby orders:

1. Judge Cavan's findings and recommendation (Doc. 40) are adopted except for the conclusion under *Chevron*'s second step;

2. The Plaintiff's motion for summary judgment (Doc. 32) is denied;

3. The Defendants' motion for summary judgment (Doc. 35) is granted.

4. The Clerk of Court is directed to enter judgment in favor of the Defendants.

DATED this 25th day of March, 2020.

SUSAN P. WATTERS
United States District Judge